UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN J. RUSZKIEWICZ,                                                      ECF CASE

                            Plaintiff,                            AMENDED COMPLAINT

      -against-                                                              DEMANDS TRIAL
                                                                                    BY JURY
LORI LAUER,
                                                                       Docket No. 07 CIV 10287
                            Defendant.
------------------------------------------------------------X

       Plaintiff, JOHN J. RUSZKIEWICZ, by his attorneys ROBERT N. ISSEKS and ALEX SMITH, complaining of the defendant, LORI LAUER, alleges as follows:

PARTIES

       1. At all times hereinafter mentioned plaintiff was and remains a resident of the County of Orange, State of New York.

       2. Defendant, Lori Lauer was, at all times relevant to this lawsuit, an officer of the United States Fish and Wildlife Service. Defendant is being sued in her individual capacity pursuant *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)

NATURE OF ACTION AND JURISDICTION

       3. This is a civil action seeking compensatory and punitive damages against the above-named defendant for committing acts in her capacity as an officer of a federal agency which deprived plaintiff of rights secured under the Fourth Amendment to the Constitution of the United States.

4. Each and all of the acts of the defendant were done by her in her individual capacity under the color and pretense of the statutes, ordinances, regulations, customs and usages of the United States and under her authority as an officer of the United States Fish and Wildlife Service.

5. Jurisdiction is conferred on this Court by 28 USC §§1331 and 1343.

6. This Court's supplemental jurisdiction is also invoked to assert plaintiff's New York State common law claims of false arrest and defamation.

## PLAINTIFF'S STATEMENT OF CLAIMS

7. On or about 1:00 p.m. on the 15th day of December, 2006, while plaintiff was lawfully on Liberty Street Right of Way, in the Town of Warwick, County of Orange, State of New York, defendant arrested plaintiff and transported him in handcuffs to the Town of Warwick Police Station where plaintiff was detained until approximately 3:30 p.m.

8. The aforementioned arrest and detention of plaintiff was initiated and executed by defendant without probable cause, justification or other legal process and deprived plaintiff of the right not to be arrested without probable cause, secured by the Fourth Amendment.

9. While plaintiff was in defendant's custody at the Town of Warwick Police Station, defendant caused Town of Warwick Police Officer Brian Turner to draft and execute a Felony Complaint (attached as Exhibit A) falsely accusing plaintiff of committing the crime of Assault in the Second Degree, a Class D Felony, as defined by

N.Y.S. Penal Law §120.05(3). Specifically, defendant falsely drafted, executed and provided Turner with a Supporting Deposition (Exhibit B) and other false or misleading information, which Turner used to allege in said Felony Complaint, that plaintiff, "with intent to prevent a peace officer, police officer performing [sic] a lawful duty, did cause physical injury to said peace officer, police officer," in that, on December 15, 2006, plaintiff "did intentionally prevent Ofc. Lori Lauer, a police officer from performing her duties, by driving away from a vehicle stop at which time Ofc. Lauer had a hold of defendant's left arm with her right hand causing her arm to over extend causing pain and later medical treatment."

10. The allegations contained in the Felony Complaint as set forth above are false in that plaintiff did not commit the crime of Assault in the Second Degree or any other offense, he did not intentionally prevent defendant from performing her duties by driving away from a vehicle stop and he did not cause pain to defendant's arm requiring medical treatment.

11. Defendant thereafter caused the aforementioned Felony Complaint and Supporting Deposition to be filed with the Town of Warwick Justice Court.

12. As a result of defendant's false and unlawful arrest of plaintiff as set forth above, plaintiff was injured both emotionally and in reputation, was subjected to disgrace and humiliation and suffered loss of liberty and freedom of movement.

13. The allegations in the Felony Complaint and Supporting Deposition as set forth above were made by defendant with malice and constituted false and defamatory

statements of fact, of and concerning plaintiff, which were published and made known to third parties and thereby caused injury to plaintiff's reputation and subjected him to disgrace and humiliation.

14. On or about the first week of May, 2007, the Town of Warwick Justice Court adjourned the criminal proceedings against plaintiff in contemplation of dismissal pursuant to N.Y.S. C.P.L. §170.55.

15. Defendant's conduct as described herein occurred without any fault or provocation on plaintiff's part.

16. By reason of the aforesaid plaintiff is entitled to awards of compensatory and punitive damages against defendant.

WHEREFORE, plaintiff asks this Court to:

A. Issue an order adjudging and declaring that defendant's conduct violated plaintiff's rights under the Fourth Amendment to the United States Constitution;

B. Issue an order adjudging and declaring that defendant's conduct constituted the torts of false arrest and defamation under the common law of the State of New York.

C. Award plaintiff compensatory damages in an amount to be determined by the Court;

D. Award plaintiff punitive damages in an amount to be determined by the Court;

E. Award plaintiff the costs and disbursements of this action;

      F.  Award plaintiff reasonable attorney fees; and

      G.  Grant plaintiff such further and other relief as to this Court may seem just and proper.

Dated: November 16, 2007

                s/*Robert N. Isseks*
                _____
                ROBERT N. ISSEKS, ESQ. (RI 0241)
                ALEX SMITH, ESQ. (AS 5052)
                Attorneys for Plaintiff
                6 North Street
                Middletown, New York 10940
                (845) 344-4322